E-filing

1

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2  Name    LITMON, JR.    DAVID

   (Last)            (First)            (Initial)

3  Prisoner Number    CO-000555-3    COALINGA STATE HOSPITAL

4  Institutional Address    P.O. BOX 5003

5  COALINGA, CA 93210

6

7  **UNITED STATES DISTRICT COURT**
   **NORTHERN DISTRICT OF CALIFORNIA**

8  DAVID LITMON, JR.
   _____
   (Enter the full name of plaintiff in this action.)

9                           vs.                                  Case No. _____
                                                                 (To be provided by the clerk of court)    **RMW**
10 NORM KRAMER, DIRECTION OF
   _____                              **PETITION FOR A WRIT**
11 COALINGA STATE HOSPITAL                                       **OF HABEAS CORPUS  (PR)**
   _____
12

13

14 _____
   (Enter the full name of respondent(s) or jailor in this action)

15

16 Read Comments Carefully Before Filling In

17 When and Where to File

18        You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1   <u>Who to Name as Respondent</u>

2           You must name the person in whose actual custody you are.  This usually means the Warden or

3   jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4   you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5   respondents.

6           If you are not presently in custody pursuant to the state judgment against which you seek relief

7   but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8   custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9   was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11          1. What sentence are you challenging in this petition?

12          (a)     Name and location of court that imposed sentence (for example; Alameda

13                  County Superior Court, Oakland):
                    SANTA CLARA COUNTY SUPERIOR COURT, SAN JOSE, CA
14

15                  Court                              Location

16          (b)     Case number, if known ____210430_____

17          (c)     Date and terms of sentence _____two-year civil commitment_____

18          (d)     Are you now in custody serving this term?  (Custody means being in jail, on

19                  parole or probation, etc.)          Yes _XX_     No _____

20                  Where?

21                  Name of Institution: _____COALINGA STATE HOSPITAL_____

22                  Address: _____P.O. BOX 5003, COALINGA, CA_____

23          2. For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  I was not sentenced for a crime, this is a civil commitment

27  under California's Sexually Violent Predator Act

28  Welfare and Institutions Code 6604

PET. FOR WRIT OF HAB. CORPUS          - 2 -

3. Did you have any of the following?

    Arraignment: / Probable Cause ... Yes _xx_    No _____

    Preliminary Hearing:            Yes _xx_    No _____

    Motion to Suppress:            Yes _____    No _xx_

4. How did you plead?

    Guilty _____    Not Guilty _XX_  Nolo Contendere _____

    Any other plea (specify) _Denied true of petition_____

5. If you went to trial, what kind of trial did you have?

    Jury _XX_    Judge alone_____  Judge alone on a transcript _____

6. Did you testify at your trial?         Yes _xx_    No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment            Yes _XX_    No _____

    (b)    Preliminary hearing      Yes _____    No _XX_

    (c)    Time of plea            Yes _XX_    No _____

    (d)    Trial                 Yes _____    No _XX_

    (e)    Sentencing            Yes _____    No _XX_

    (f)    Appeal              Yes _XX_    No _____

    (g)    Other post-conviction proceeding  Yes _____    No _XX_

8. Did you appeal your conviction?      Yes _XX_    No _____

    (a)    If you did, to what court(s) did you appeal?

            Court of Appeal         Yes _XX_    No _____

            Year: _2007_    Result:_AFFIRMED_____

            Supreme Court of California    Yes _xx_    No _____

            Year: _2007_    Result:_DENIED REVIEW_____

            Any other court        Yes _____    No _XX_

            Year: _____    Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

1                petition?                          Yes __XX__     No_____

2         (c)     Was there an opinion?          Yes __XX__     No_____

3         (d)     Did you seek permission to file a late appeal under Rule 31(a)?

4                                                     Yes _____     No__XX__

5                If you did, give the name of the court and the result:

6                _____

7                _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?          Yes _____     No__XX__

10         [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16       (a)     If you sought relief in any proceeding other than an appeal, answer the following

17               questions for each proceeding. Attach extra paper if you need more space.

18           I.     Name of Court: _____

19                Type of Proceeding: _____

20                Grounds raised (Be brief but specific):

21                a._____

22                b._____

23                c._____

24                d._____

25                Result: _____ Date of Result:_____

26           II.     Name of Court: _____

27                Type of Proceeding: _____

28                Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

III.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

IV.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____Date of Result:_____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _xx_    No____

COURT OF APPEAL, SIXTH APPELLATE

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to

support each claim. For example, what legal right or privilege were you denied? What happened?

Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS            - 5 -

GROUND ONE: PETITIONER'S CIVIL COMMITMENT AFTER THE APPLICABLE COMMITMENT
            TERM EXPIRED VIOLATED HIS DUE PROCESS RIGHTS UNDER THE
            FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

GROUND TWO: PETITIONER'S INDEFINITE PRETRIAL DETENTION PRIOR TO HIS CIVIL
            COMMITMENT VIOLATED HIS EQUAL PROTECTION RIGHTS UNDER THE
            FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

SUPPORTING FACTS:

1. On May 2, 2000, Petitioner, David Litmon, Jr., was initially committed
   under California's Sexually Violent Predator Act. (SVPA) (Welfare and
Institutions Code Section 6600 et seq.) (WIC § 6600 et seq.)

2. On April 23, 2002, the Santa Clara County District Attorney filed a
Petition (2002 petition) to recommitment Petitioner as a SVP, from May 2,
2002 to May 2, 2004.

3. On July 19, 2002, the trial court found probable cause that Petitioner
was a SVP, and a jury trial was ordered for November 12, 2002.

4. On October 30, 2002, Petitioner was granted leave to represent himself,
and the November 12, 2002, trial date was vacated. The case was then
continued until January 10, 2003, for trial setting.

5. On January 10, 2003, Petitioner filed a motion to reconsider the
July 19, 2002, probable cause finding based on **Cooley v. Superior Court,
(2002) 29 Cal.4th 228.** The trial court then continued the case pending a
ruling on Petitioner's reconsideration motion.

6. On March 28, 2003, the trial court granted Petitioner's motion to
reconsider the July 19, 2002, probable cause finding, and ordered a new
probable cause hearing for October 2003.

7. On November 7, 2003, the trial court again found probable cause and
ordered over Petitioner's objection a jury trial for August 2, 2004.

6

8. On November 23, 2003, Petitioner filed a motion for a trial in 60 days, which the prosecution opposed, and the court denied. However, the trial court asked Petitioner when would he be ready for trial, and he indicated on February 23, 2004. The trial court then ordered the case back to the Master Trial Court (MTC) for trial on February 23, 2004.

9. On February 23, 2004, Petitioner appeared in the MTC and declared he was ready for trial. The MTC placed the case on "standby".

10. Also, on February 23, 2004, the prosecution filed a second petition to recommit (2004 petition) Petitioner while the 2002 petition was still pending.

11. On March 8, 2004, the prosecution filed a motion to consolidate both the 2002 petition with the 2004 petition for a single trial.

12. On March 9, 2004, Petitioner filed a motion demanding a immediate trial before the 2002 petition expired. The MTC refused to conduct a hearing on Petitioner's demand motion, and continued the 2002 petition on the standby calendar.

13. On April 2, 2004, the trial court in which the 2004 petition was pending, granted the prosecution's motion to consolidate the both the 2002 petition and the 2004 petition for a single trial over Petitioner's objection. The court then ordered a trial date of June 1, 2004, 28 days after the 2002 petition expired.

14. On April 23, 2004, Petitioner filed a petition for writ of mandate in the California Court of Appeals, Sixth Appellate District, challenging the trial court's consolidation order.

15. On May 17, 2004, Petitioner filed a motion in the trial court to dismiss the SVPA proceedings on the ground that his procedural due process rights were violated by his current pretrial detention without a trial.

16. On May 19, 2004, the Court of Appeal, (COA) ordered all proceedings in the trial court stayed pending review of the consolidation order.
17. On November 4, 2004, the COA granted Petitioner's writ of mandate, and directed the trial court to vacate its consolidation order and to set the 2002 petition for trial forthwith. (**Litmon v. Superior Court, (2004) 123 Cal.App. 4th 1156**)
18. On March 8, 2005, Petitioner was returned back to the County from Atascadero State Hospital, and the 2002 petition was assigned by the MTC to the same court that issued the consolidation order.
19. On April 1, 2005, Petitioner filed a peremptory challenge to the trial court under CCP § 170.6. The trial court denied the challenge and Petitioner sought relief in the COA.
20. On June 29, 2005, the COA granted Petitioner's challenge under CCP § 170.6, and directed the trial court to enter a new order granting the challenge.
21. In July 2005, after being assigned to a different trial court on the 2002 petition, Petitioner filed a motion to dismiss the petition on due process and equal protection grounds.
22. The trial court denied Petitioner's motion to dismiss, on July 29, 2005, and ordered a trial on the 2002 petition for August 29, 2005, 15 months after the 2002 petition had expired.
23. Petitioner sought relief in the COA, which it denied, and then Petitioner sought relief in the California Supreme Court. The Supreme Court denied review on October 12, 2005.
24. On August 29, 2005, Petitioner proceeding to trial on the 2002 petition, and on September 7, 2005, a jury found the petition true.

8

25. On September 7, 2005, the trial court ordered Petitioner committed as a SVP from May 2, 2002 to May 2, 2004.

26. On September 14, 2005, Petitioner filed a notice of appeal, and in July 2007 to COA affirmed the commitment, and on August 26, 2007, the California Supreme Court denied review.

27. Petitioner has now exhausted all state remedies, and now seeks relief in the United States District Court in the herein Petition for Writ of Habeas Corpus.

### ARGUMENT

PETITIONER'S CIVIL COMMITMENT AFTER THE
APPLICABLE COMMITMENT TERM EXPIRED
VIOLATED HIS DUE PROCESS RIGHTS UNDER
THE FOURTEENTH AMENDMENT TO THE UNITED
STATES CONSTITUTION

The United States Supreme Court has made it clear that involuntary civil commitments to mental institutions are subject to due process protection under the U.S. Constitution's Fourteenth Amendment. (Vitek v. Jones, (1980) 445 U.S. 480; Zinermon v. Burch, (1990) 494 U.S. 113) In addition, the due process clause of the fourteenth amendment, requires a trial at a "meaningful time". (Mathews v. Eldridge, (1976) 424 U.S. 319)

Under California's Sexually Violent Predator Act, (SVPA) there are no specific time limits when either a initial or recommitment trial must be conducted. Although, in Litmon v. Superior Court, 123 Cal.App. 4th 1156, the court stated that "(t)he main procedural mechanism through which the Legislature's intent [in relation to the SVPA] is realized is the provision of a trial every two years to ascertain the committed person's current mental condition." (Litmon v. Superior Court, 123 Cal.App.4th at 1169)

In 1997, the U.S. Supreme Court, held that the civil commitment of a person coming to the end of a prison term was constitutional. The Supreme Court, stated; "(w)e have consistently upheld such involuntary commitment statutes provided the confinement takes  place pursuant to proper procedures and evidentiary standards." Kansas v. Hendricks, 117 S.Ct. at 2080

Petitioner's civil commitment as a SVP 15 months after the applicable commitment term expired no longer bears a reasonable relation to the purpose for which Petitioner was committed, which was for custody and treatment. Jackson v. Indiana, 406 U.S. 715 (1972); McNeil v. Director, Patuxent Institution 407 U.S. 245 (192) Petitioner was to be committed under the 2002 petition from May 2, 2002 to May 2, 2004, when that time period expired Petitioner should have been released.

> PETITIONER'S INDEFINITE PRETRIAL DETENTION
> PRIOR TO HIS CIVIL COMMITMENT VIOLATED
> HIS EQUAL PROTECTION RIGHTS UNDER THE
> FOURTEENTH AMENDMENT TO THE UNITED STATES
> CONSTITUTION

The concept of equal protection under the law compels recognition that person similarly situated for purposes of the law, receive equal treatment. (Baxstrom v. Herold, 383 U.S. 107 (1966))

California's SVPA is a civil commitment scheme intended to secure treatment for persons suffering from mental disorders that make them dangerous. (WIC § 6604)

To make a claim under the equal protection clause of the fourteenth amendment, Petitioner must demonstrate that the State has adopted a classification that affects two or more similarly situated groups in an unequal manner.

10

Petitioner contends that of the seven civil commitment schemes in California, only one allows an individual to be held without a trial for years or without any procedural limitations when a trial must be conducted and that is the SVPA.

For example, under Penal Code Section 1026, Penal Code Section 2962, Welfare and Institutions Code Sections, 1800, 5300, 6300, and 6500, each requires a trial after a petition is filed within 30 days of the filing of the petition.

Petitioner was held on the 2002 petition for a total of 39 months before the trial commenced, and when Petitioner's filed his motion to dismiss the 2002 petition, it was denied.

Petitioner under the U.S. Constitution's Fourteenth Amendment's Equal Protection Clause, should have been treated no different than any other person which California seeks to civilly commit.

## RELIEF REQUESTED

1. Petitioner requests a Declaratory Judgment that his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution were violated when he was committed 15 months after the applicable commitment term.

2. Petitioner's requests the reversal of his 2005 commitment under the 2002 petition on due process grounds.

3. Petitioner requests a Declaratory Judgment that his equal protection rights were violated under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

4. Petitioner requests the reversal of his 2005 commitment under the 2002 petition on equal protection grounds.

11

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    Mathews v. Eldridge, (1976) 424 U.S. 319; Vitek v. Jones,

5    (1980) 445 U.S. 480; Zinermon v. Burch, 494 U.S. 113 (1990)

6    McNeil v. Director, Patuxent Institution, 407 U.S. 245 (1992)

7    Do you have an attorney for this petition?                    Yes_____    No_XX_

8    If you do, give the name and address of your attorney:

9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on _May 14, 2008_____              _____

14                     Date                                    Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28
                                          12
     PET. FOR WRIT OF HAB. CORPUS





US POSTAGE
neopost
045.JB3060945
$1.340
05/14/2008
Mailed From 93210

RECEIV
MAY 16 2008
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

United States District Court
Northern District of California
280 S. First Street, #2112
San Jose, CA 95113-3208

Daniel Litmon, Sr.
J-0005555-3 - Unit 12
P. Box 5003
Coalinga, CA 93210