*E-FILED - 8/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID LITMON, | ) | No. C 08-2569 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE; |
| | ) | GRANTING LEAVE TO |
| vs. | ) | PROCEED IN FORMA PAUPERIS |
| | ) | |
| NORM KRAMER, | ) | |
| | ) | (Docket No. 2) |
| Respondent. | ) | |
| | ) | |

Petitioner, a civil detainee at Coalinga State Hospital under California's "Sexually Violent Predators Act" (California Welfare & Institutions Code § 6600 et. seq.) ("SVPA"), filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 21, 2008. The petition challenges the constitutionality of his confinement pursuant to a civil commitment petition filed in state court in 2002.[1] Petitioner's application for leave to proceed in forma pauperis (docket no. 2) is GRANTED. For the reasons set forth below, the court orders respondent to show cause why the petition should not be granted.

**BACKGROUND**

According to the allegations in the petition, in 2002 the District Attorney of the County of Santa Clara filed a civil commitment petition to civilly commit petitioner for two years

---

[1] The instant petition does not challenge a subsequent commitment petition filed in 2004.

1  pursuant to the SVPA. In 2004, before petitioner had been tried on the 2002 commitment
2  petition, another commitment petition was filed to recommit petitioner for another two-year
3  term. The Santa Clara Superior Court ordered the two commitment petitions to be consolidated
4  for trial, but the California Court of Appeal reversed the trial court consolidation order and
5  ordered the two commitment petitions to be tried separately. Consequently, a trial was held on
6  the 2002 commitment petition on August 29, 2005, and the jury found the petition to be true on
7  September 7, 2005. In July 2007, the California Court of Appeal affirmed the trial court's
8  commitment decision, and on August 26, 2007, the California Supreme Court denied review.
9  Thereafter, on May 21, 2008, petitioner filed the instant federal petition.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

C.  Petitioner's Claims

As grounds for federal habeas relief, petitioner claims: (1) his commitment after the applicable commitment term expired violated his right to due process; and (2) his indefinite pretrial detention violated his right to equal protection. Liberally construed, these claims state a cognizable basis for federal habeas relief.

## CONCLUSION

1.  The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

1    2.    Respondent shall file with the court and serve on petitioner, within **ninety days** of
2 the date of receipt of this order and the petition, an answer conforming in all respects to Rule 5
3 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should
4 not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all
5 portions of the underlying state court record that have been transcribed previously and that are
6 relevant to a determination of the issues presented by the petition.

7    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
8 court and serving it on respondent within **thirty days** of his receipt of the answer.

9    3.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
10 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
11 2254 Cases within **sixty days** of the date of receipt of this order.  If respondent files such a
12 motion, petitioner shall file with the court and serve on respondent an opposition or statement of
13 non-opposition within **thirty days** of receipt of the motion, and respondent shall file with the
14 court and serve on petitioner a reply within **fifteen days** of receipt of any opposition.

15    4.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded that
16 all communications with the court must be served on respondent by mailing a true copy of the
17 document to respondent's counsel.  Petitioner must keep the court and all parties informed of any
18 change of address by filing a separate paper captioned "Notice of Change of Address."  He must
19 comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal
20 of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

21    The clerk shall terminate docket number 2.

22    IT IS SO ORDERED.

23 DATED: __8/8/08_____     *Ronald M. Whyte*
                              _____
24                             RONALD M. WHYTE
                              United States District Judge

Order to Show Cause; Granting Leave to Proceed in Forma Pauperis
G:\PRO-SE\SJ.Rmw\HC.08\Litmon569osc.wpd          3