*E-FILED - 3/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LITMON, | No. C 08-2569 RMW (PR) |
| Petitioner, | ORDER DISMISSING HABEAS PETITION AS MOOT |
| vs. | (Docket Nos. 8, 10) |
| NORM KRAMER, | |
| Respondent. | |

Petitioner, formerly a civil detainee at Coalinga State Hospital under California's "Sexually Violent Predators Act" (California Welfare & Institutions Code § 6600 et. seq.) ("SVPA"), filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 21, 2008. In his petition for habeas corpus, petitioner challenged the constitutionality of his confinement pursuant to a civil recommitment petition filed in state court in 2002.[1] While this action was pending, however, petitioner was subsequently released from Coalinga State Hospital as a result of the state court dismissing his 2004 and 2005 recommitment petitions. See People v. Litmon, 162 Cal. App. 4th 383, 390 (2008).

On December 8, 2008, respondent filed a motion to dismiss this action as moot. On

---

[1] The instant petition does not challenge subsequent recommitment petitions filed in 2004 and 2005.

1  January 9, 2009, petitioner filed a motion for extension of time to file an opposition, which is
2  GRANTED.  Petitioner's opposition, filed on January 26, 2009, is deemed timely.  On January
3  27, 2009, respondent filed a reply.  For the reasons set forth below, the court finds the petition is
4  moot, GRANTS respondent's motion to dismiss, and DISMISSES the instant petition.

## BACKGROUND

6  On May 2, 2000, petitioner was civilly committed for two years pursuant to the SVPA.
7  (Petition, p. 6.)  On April 23, 2002, the District Attorney filed a petition to recommit petitioner
8  as a Sexually Violent Predator ("SVP") for another 2-year term.  (Id.)  In 2004, before petitioner
9  had been tried on the 2002 recommitment petition, a second recommitment petition was filed to
10 recommit petitioner for another two-year term, to 2006.  (Id., p. 7; Resp.'s motion, p. 2.)  A trial
11 was held on the 2002 recommitment petition on August 29, 2005, the jury found the petition to
12 be true on September 7, 2005, and the trial court ordered petitioner recommitted as an SVP from
13 May 2, 2002 through May 2, 2004.  (Petition, p. 8-9.)

14 On September 29, 2005, the District Attorney filed a third recommitment petition to
15 extend petitioner's commitment from 2006 until 2008.  (Resp.'s motion, p. 2.)  In 2006, a
16 consolidated trial on the second and third recommitment petitions ended in a deadlock and
17 mistrial.  (Id.)  In July 2007, the California Court of Appeal affirmed the trial court's first
18 recommitment decision, and on August 26, 2007, the California Supreme Court denied review.
19 (Petition, p. 9.)  However, on April 23, 2008, the California Court of Appeal dismissed
20 petitioner's second and third recommitment petitions with prejudice for undue delay and
21 reversed the trial court's retroactive imposition of an indeterminate term of commitment on
22 petitioner.  See Litmon, 162 Cal. App. 4th at 304-413.

23 Thereafter, on May 21, 2008, petitioner filed the instant federal petition challenging the
24 2002 petition for recommitment and the subsequent 2005 order to recommit him.  At some point
25 thereafter, petitioner was released from custody.  Petitioner is no longer in custody and currently
26 has no original or recommitment SVP proceeding pending against him.

## DISCUSSION

28 Respondent moves to dismiss the habeas petition as moot, stating that petitioner no

longer faces collateral consequences from the 2002 recommitment proceeding and that this action presents no case or controversy. (Resp.'s motion, p. 3.) Petitioner responds that he still faces significant collateral consequences "in employment, housing, and public scorn, of which will be remedied" by invalidating the state's recommitment order from the 2002 petition. (Petitioner's opp., p. 3.)

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. Throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004) (citations omitted).

An incarcerated or paroled convict's challenge to the validity of his conviction satisfies the case-or-controversy requirement because the incarceration or the restrictions imposed by the terms of the parole constitute a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole -- some "collateral consequence" of the conviction -- must exist if the suit is to be maintained and not considered moot. Id. It is important to note that, unlike challenges to criminal convictions, courts do not presume a collateral consequence to exist from an SVPA commitment, therefore, petitioner must demonstrate such consequences to defeat a mootness challenge. See Jackson v. California Dept. of Mental Health, 399 F.3d 1069, 1073-74, 1074 n.4 (9th Cir. 2005).

Here, petitioner has already served the 2-year recommitment order that he challenges in his habeas petition. Subsequent recommitment petitions have been dismissed by the California Court of Appeal, see Litmon, 162 Cal. App. 4th at 304-413, resulting in the petitioner's release from custody. Petitioner is no longer subject to any criminal or civil custody arising from the 2002 recommitment petition. Because there is no presumption of collateral consequence from an SVPA commitment, petitioner must demonstrate some collateral consequence, see Jackson, 399 F.3d at 1073-74, 1074 n.4, and potential redressability, see Caswell, 363 F.3d at 836, to prove

1  that his petition is not moot.

2  Petitioner generally argues that he suffers from collateral consequences in employment, housing, and public scorn, however, it appears that such consequences are not a result of his 2002 recommitment proceeding, but rather, a result of his original commitment proceeding in 2000 designating him as an SVP. Cf. Carty v. Nelson, 426 F.3d 1064, 1071 (9th Cir. 2005) (concluding that a challenge to an original commitment proceeding, even after release from civil commitment under the SVPA, can satisfy case or controversy because of the concrete injury of verifying resident and employment periodically); Jackson, 399 F.3d at 1075 (concluding that harm to reputation is not a sufficient injury to avoid mootness). However, petitioner's underlying habeas petition does not challenge the original 2000 commitment proceeding[2] or his designation as an SVP. Therefore, petitioner cannot and does not show an actual or concrete injury, nor can he link these allegations of collateral consequences to his challenged 2002 recommitment proceedings. See Carty, 426 F.3d at 1071.

Further, petitioner does not demonstrate that invalidating his 2002 recommitment proceeding would provide petitioner with any redress. See id. As the respondent notes, even if his 2002 recommitment proceedings were invalidated by the federal court, his original SVP commitment, and all the obligations that come with having been adjudicated an SVP remain unaffected. See Cal. Welf. & Inst. Code § 6600 et. seq.; Cal. Penal Code §§ 290, 290.001, 290.004. Therefore, any favorable judicial decision is unlikely to provide petitioner with relief.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED and the petition is DISMISSED as moot. This order terminates docket nos. 8, 10.

IT IS SO ORDERED.

DATED: 3/16/09

RONALD M. WHYTE
United States District Judge

---

[2] The court notes, however, that petitioner previously challenged his original 2000 commitment in a federal habeas petition which was denied in this court on July 11, 2008. See Litmon v. Flores, No. 03-3996 RMW, 2008 WL 2740327 (N.D. Cal., July 11, 2008).